UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

SHANA BOULWARE, on behalf of
herself and others similarly situated,
Plaintiffs

CASE NO.:    4:25-cv-12687-SAL

v.

TOP GOLF 1, LLC d/b/a LUST
GENTLEMAN'S CLUB,

Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Collective/Class Complaint)**

Plaintiff, SHANA BOULWARE ("Plaintiff"), files this Amended Complaint against the Defendant, TOP GOLF 1, LLC d/b/a LUST GENTLEMAN'S CLUB for unpaid wages and other relief under the Fair Labor Standards Act, and alleges as follows:

**INTRODUCTION**

1. This is an action by the Plaintiff against her previous employer for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**JURISDICTION**

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq*. Jurisdiction is proper in this court pursuant to 29 U.S.C. § 216.

**VENUE**

3. Venue is proper because Defendant conducts substantial business in Horry County, South Carolina, and Plaintiff worked for Defendant in Horry County, South Carolina, where the actions at issue took place.

1

## PARTIES

4. Plaintiff worked as an Entertainer for Defendant in South Carolina.

5. Plaintiff began working with Defendant in 2022.

6. Defendant TOP GOLF 1, LLC d/b/a LUST GENTLEMAN'S CLUB is a company located in Myrtle Beach, South Carolina.

## FLSA ENTERPRISE COVERAGE

7. At all material times relevant to this action (2022 – 2025), Defendant TOP GOLF 1, LLC d/b/a LUST GENTLEMAN'S CLUB was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times relevant to this action (2022-2025), Defendant made gross earnings of at least $500,000.00 annually.

9. At all material times relevant to this action (2022-2025), Defendant accepted payments from customers based on credit cards issued by out of state banks.

10. At all times relevant to this action (2022-2025), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked.

11. Defendant controlled and/or was responsible for the work of Plaintiff.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiff worked as an Entertainer for Defendant from April 2022 through August 2024.

13. Plaintiff was not paid an hourly wage throughout her employment with Defendant.

14. Defendant required Plaintiff to utilize her tips to pay the staff.

2

15. Specifically, Plaintiff was required to tip the DJs and Security, as well as surrender tips to the Defendant at the end of the shift.

16. As such, Plaintiff lost out on approximately $200 per shift.

17. Defendant operated and managed the Club and was all involved in the day-to-day operation of the Club.

18. Defendant made the decision to classify Plaintiff as an independent contractor rather than an employee.

19. Defendant employed Plaintiff within the last three (3) years.

20. Plaintiff worked in the State of South Carolina without being paid at least the full minimum wage for all hours worked.

21. Defendant controlled and/or was responsible for the work of Plaintiff.

22. Plaintiff did a specific job, i.e., dance for and entertain guests, which was/is an integral part of the business of Defendant.

23. As a result of these common policies, Plaintiff is entitled to receive full minimum for each hour worked as repayment improperly unpaid/deducted from her wages.

24. During her employment, Plaintiff complained about the illegal practices above-describing Defendant's management, and Defendant took no action to stop the illegal practices.

25. Defendant made the decision to classify Plaintiff as an independent contractor rather than employee.

26. Defendant made the decision to require Plaintiff to pay certain fees and tip-outs each shift.

27. Defendant directly and indirectly controlled Plaintiff's work schedules by requiring her to work a minimum number of shifts and hours per shift or pay a monetary penalty for failure to do so.

28. Defendant's managers directly and indirectly controlled the appearance and dress of dancers.

29. Defendant direct and indirectly controlled the nature of the Plaintiff's performance.

30. Defendant and their managers had the authority to suspend and discipline dancers.

31. Defendant and their managers directly and indirectly supervised dancers on a day-to-today basis.

32. Defendant made all advertising, marketing and promotional decisions regarding the club and paid all costs associated with advertising marketing and promoting the club.

33. Defendant required customers to pay a "door fee" to enter the business and thus had ultimate authority as to which individuals were allowed to enter the club as customers.

34. Defendant had the discretion not to permit a dancer to perform if she arrived at a scheduled shift after a certain time.

35. Defendant enforced a mandatory check-out process for its dancers, which included the payment of various fees to the club and its managers, Security and DJs.

36. Defendant maintained and enforced written and unwritten rules of conduct for dancers.

37. The duties of Defendant's management included ensuring that dancers complied with club rules and policies.

38. Defendant provided all stages used for dance performances at the Club.

39. Defendant provided poles used for dance performances at the Club.

40. Defendant is responsible for day-to-day purchases of liquor for sale at the Club.

## COLLECTIVE ACTION ALLEGATIONS

41. As alleged herein, Defendant is liable under the FLSA for willfully failing to properly compensate Plaintiff and all other similarly situated current and former adult entertainers employed by Defendant during the three year period prior to commencement of this action, and as such, notice should be sent to past and present adult entertainers employed by Defendant TOP GOLF 1, LLC d/b/a LUST GENTLEMAN'S CLUB, a South Carolina Limited Liability Company, during the three year period prior to initiation of this action, pursuant to 29 U.S.C. § 216(b).

42. Class members are treated equally by Defendant.

43. Defendant has repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of adult entertainers, of improperly depriving compensation to which such adult entertainers are entitled under the FLSA.

44. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of wages to Plaintiff apply to all class members.

45. Accordingly, the class members are properly defined as:

> **All Adult Entertainers who were classified as independent contractors and worked for Defendant during the three (3) years preceding this lawsuit.**

46. There are numerous similarly situated current and former adult entertainers employed by Defendant who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

47. Those similarly situated employees are known to Defendant and are readily identifiable by Defendant's records.

48. Plaintiff, on behalf of herself and other similarly situated current and former employees, bring this collective action against Defendant under the FLSA, 29 U.S.C. § 201, *et seq*. for failure to pay minimum wage and reimbursement of tips.

49. Plaintiff and others similarly situated (the "FLSA Collective"), are individuals who are current and former adult entertainer employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

## COUNT I- VIOLATION OF 29 U.S.C. § 206 AND 215 OF THE FAIR LABOR STANDARDS ACT

50. Plaintiff and the class members reassert the allegations set forth in Paragraphs 1-49 above and incorporate them by reference into this first Claim of Relief.

51. Plaintiff and the class members are employees covered by the FLSA and are entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

52. Defendant did not compensate Plaintiff and the class members at an hourly rate above or equal to the minimum wage.

53. Defendant willfully failed to compensate Plaintiff and the class members at an hourly rate above or equal to the minimum wage.

54. Plaintiff and the class members are entitled to payment of their minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55. Defendant's requirement that Plaintiff and the class members pay fees and fines to the Club and its managers, Security and DJs violated the "free and clear" requirement of 29 CFR 531.35.

56.     Plaintiff and the class members are entitled to receive all unpaid minimum wages from Defendant for the hours that they worked.

57.     Plaintiff and the class members are entitled to recover from Defendant as part of their wage loss, all fees, tip-outs and fines that they were required to pay in order to work at the Club.

58.     Defendant's violation of the FLSA was willful.

59.     In other words, Defendant knew or showed reckless disregard for the fact that its wage and "pay to work" policies violated the FLSA.

60.     As a result of Defendant's willful underpayment of minimum wages as alleged above, Plaintiff and the class members are entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

61.     Defendant failed to act in good faith in implementing and enforcing their wage and "pay to work" policies and their implementation and enforcement of these policies were unreasonable.

62.     Defendant violated the record keeping requirements of the FLSA.

63.     Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of wages and tips to Plaintiff apply to all class members.

64.     As a result of its underpayment of minimum wages as alleged above, Defendant is jointly and severally liable to Plaintiff for litigation costs, including reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

## COUNT II- REIMBURSEMENT OF FEES AND TIPS

65. Plaintiff and the class members reassert the allegations set forth in Paragraphs 1-49 above and incorporate them by reference into this second Claim of Relief.

66. Defendant further violated the FLSA by requiring the Plaintiff and the class members to pay house fees and tip outs as a condition of employment.

67. Defendant's house fee and tip out requirement benefited the Defendant and caused Plaintiff and the class members' potential wages to fall well below the minimum wage.

68. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

69. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

70. The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

71. The house fees paid by the Plaintiff and the class members constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

72. The tip-outs paid by the Plaintiff and class members to the Defendant, Security and DJs constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

73. The FLSA was amended in 2018 by The Consolidated Appropriations Act, 2018 ("CAA"), which now provides a specific cause of action to recover misappropriated tips. Consolidated Appropriations Act, Pub. L. 115-141, div. S, tit. XII, sec. 1201(a), § 203(m), 132 Stat. 348, 1148 (Mar. 23, 2018).

74. In addition, Congress amended § 216(b) to provide damages in the form of withheld tips and an equal amount of liquidated damages for a violation of § 203(m)(2)(B).

75. These sums must be returned to Plaintiff and the class members to bring Defendant's minimum wage obligations to the Plaintiff and the class members complied with the requirements of the FLSA.

76. Defendant's policy of fees and tip outs were not recorded in the federal and state tax returns or gross receipts.

77. Defendant is not entitled to a set off or tip credit for sums earned by the Plaintiff and the class members.

78. Defendant is liable to the Plaintiff and class members in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by Defendant, and in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, demands judgment against Defendant for unpaid minimum wages, all tips that were improperly misappropriated, an equal amount in liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this 24th day of September, 2025.

>Respectfully submitted,
>
>s/ Samuel M. Mokeba
>Samuel M. Mokeba, Esquire
>SCBN: 17009
>STANLEY LAW GROUP
>1418 Park St.
>Columbia, SC 29201

Telephone: (803) 799-4700
Facsimile: (803) 799-3036
smokeba@stanleylawsc.com

s/ Ryan J. Glover
Ryan J. Glover, Esquire
*Pro Hac Vice* application forthcoming
Carlos V. Leach, Esquire
*Pro Hac Vice* application forthcoming
THE LEACH FIRM, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: rglover@theleachfirm.com
Email: cleach@theleachfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **24th** day of **September**, **2025**, the above was filed using the e-portal filing system which will send a copy via electronic mail to Defendant's Registered Agent.

s/ Ryan J. Glover
Ryan J. Glover, Esquire